DICKINSON, Presiding Justice,
dissenting:
¶ 17. The parties attached to their contract (‘Work Order”) a set of Terms and Conditions. A sentence in the work order states: “The agreements and stipulations of this Work Order supersede the attached Terms and Conditions.” The question is whether — as I believe — provisions in the Work Order supercede conflicting provisions in the attached Terms and Conditions; or whether — as the majority holds today — the work order completely voids all of the attached Terms and Conditions (leaving one to wonder why the majority thinks the parties would attach a set of void terms and conditions to their contract).
¶ 18. The majority — while advertising a plain reading of the contract — finds the above two provisions in conflict. Yet the majority cites to no “agreement” or “stipulation” in the Work Order that conflicts with the arbitration clause. I likewise can find no provision in the Work Order that conflicts with the arbitration clause. Instead, the Work Order doesn’t mention arbitration at all. So the arbitration provision should stand.
¶ 19. But the majority’s view has prevailed. Applying that view, it is as if the parties had said, “we will attach a set of void terms and conditions to our contract.” Mississippi stands all alone with this pecu *851 liar interpretation; and it produces an absurd result. Under the majority’s interpretation, the contract no longer has an arbitration clause. But that is not all:
1. The contract no longer provides the method for acceptance.
2. The contract no longer provides that “time is of the essence.”
3. The contract no longer provides a warranty provision for materials.
4. The contract no longer provides the method of payments.
5. The contract no longer provides an indemnity provision.
6. The contract no longer provides the terms of default.
7. The contract no longer excludes consideration of course of performance, dealing, or usage.
¶ 20. Although I am reluctant to repeat myself, this opinion is short, and the following bears repeating: Why on earth would anyone draft a contract and attach to it a set of completely void terms and conditions? The majority stands logic on its head, produces an absurd result, and essentially changes the landscape of contracting in Mississippi. I respectfully dissent.